

**BAYARD**

222 Delaware Avenue • Suite 900

P.O. Box 25130 • Wilmington, DE 19899

Zip Code For Deliveries 19801

Writer's Direct Access:

(302) 429-4208

Email: rkirk@bayardlaw.com

April 22, 2011

**FILED AND SERVED ELECTRONICALLY**
**ORIGINAL AND DUPLICATE COPIES BY HAND**

The Honorable Vincent J. Poppiti

Fox Rothschild, LLP

919 Market Street, Suite 1300

Wilmington, DE  19899-2323

> **Re:** ***Apeldyn Corp. v. AU Optronics Corp.*, C.A. No. 08-568 (SLR),**
> **D.M. No.** ___

Dear Special Master Poppiti:

Pursuant to Rules 26(a)(2) and 37(c)(1), Plaintiff Apeldyn Corporation ("Apeldyn") hereby seeks a recommendation that the untimely Supplemental Expert Report of Pochi Yeh, Ph.D. Regarding Invalidity of U.S. Patent No. 5,347,382, served by Defendant AU Optronics Corporation ("AUO") on April 15, 2011, be stricken and that AUO be precluded from relying on any information therein.  This report is not "supplemental" at all, but is instead an entire **additional second report**, served after the date for service of opening expert reports and without excuse or justification.  Indeed, the additional report addresses prior art that Dr. Yeh had already considered or should have considered but chose not to opine on and that has been known or should have been known to AUO for many months, since at least July 15, 2010 and January 28, 2011.  AUO's failure timely to disclose its expert's opinions as to these references disregards the federal rules and scheduling order in this case.  The additional report should be stricken.

**Rule 37(c) Sanctions for Failure to Timely Disclose Expert Testimony**

Under Rule 26(a), an expert's written report "**must** contain: (i) a complete statement of **all** opinions the witness will express and the basis and reasons for them . . . ."  Fed. R. Civ. P. 26(a)(2)(B) (emphasis added).  Further, the report must be served "at the times and in the sequence that the court orders."  Fed. R. Civ. P. 26(a)(2)(D).  Rule 26 provides for supplementation of an expert report only by court order or where "the party learns that in some material respect the [report] . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1).





The Honorable Vincent J. Poppiti
April 22, 2011
Page 2

Rule 37(c) provides for sanctions where a party has failed timely to disclose expert testimony. Specifically, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Additional sanctions, including "payment of the reasonable expenses, including attorney's fees, caused by the failure," are available. Fed. R. Civ. P. 37(c)(1). The party failing to disclose the information bears the burden of showing that its failure was substantially justified or harmless.

**Dr. Yeh's Additional Report is Untimely**

Dr. Yeh's additional report on validity served April 15, 2011 (Ex. 1, without exhibits) was without question untimely and not permitted under the governing scheduling order. Under the Amended Scheduling Order, "[e]xpert reports on issues for which the parties have the burden of proof [were] due by March 4, 2011." (D.I. 315, ¶ 2(d)(1).) The parties subsequently agreed to extend this deadline to March 28, 2011. On March 17, 2011, counsel for AUO, on behalf of Defendants, proposed to Apeldyn a two-week extension of the deadline for opening expert reports, thereby setting the date as April 11, 2011. (Ex. 2.) Apeldyn agreed. (Ex. 2.) The parties then submitted to Your Honor a Second Stipulation and Order Amended Scheduling Order listing the deadline for such reports as April 11, 2011, which order Your Honor signed on March 23, 2011. (Ex. 3.) Thus, not only did AUO serve Dr. Yeh's additional report after the deadline for filing opening reports, but it did so even after multiple extensions to that deadline, including its own request for a two-week extension. Moreover, AUO served the additional report despite the fact that nowhere in the March 23 scheduling order are such reports permitted. Accordingly, there can be no dispute that Dr. Yeh's additional expert report was untimely.

**Dr. Yeh's Additional Report is Without Justification**

AUO has no justification for failing to timely disclose in Dr. Yeh's opening expert report the information contained in Dr. Yeh's additional report. In the first paragraph of his additional report, Dr. Yeh states that he is submitting the report "to address additional prior art references disclosed in" the opening report of Dr. Bruce W. Smith, CMO's expert on validity, which was served on April 11, 2011. (Ex. 1 at 2.) More specifically, Dr. Yeh identifies the following five references from Dr. Smith's report: "Wu'1990" (Applied Physics Letters, Vol. 57, 3, September 1990); "Saul'468" (Saul WO 87101468, published March 12, 1987); "Miyagi'294" (JP02-113294, published April 25, 1990); "Ueda'889" (JP59-90889, published May 25, 1984); and "Nonomura'796" (JP51-028796, published March 11, 1976). (Ex. 1 at 3.)

Dr. Yeh's assertion, however, directly contradicts his opening expert report, which reflects that he was in fact previously aware of at least four of these references but chose not to opine on them. Indeed, in his opening report Dr. Yeh expressly states that in preparing his report



The Honorable Vincent J. Poppiti
April 22, 2011
Page 3

he considered the reexamination materials for the patent-in-suit. (Ex. 4 at 4, including cite to Ex. 3 to report).) Notably, the Wu'1990, Saul'468, Miyagi'294, and Nonomura'796 references were all disclosed to the PTO during reexamination, and reexamination documents identifying those references were produced to AUO (and all other Defendants) on **July 15, 2010, eight months** before opening expert reports were due. (Ex. 5; Ex. 6 at AP00067626, AP00067631 (with cited references highlighted).) Similarly, the fifth reference, Ueda'889, was known or should have been known to AUO at least **two and a half months** before the reports were due. To be sure, AUO again received notice of the above four references, as well as the Ueda'889 reference, when they were cited by CMO in Exhibit C to its supplemental response to Apeldyn's Interrogatory No. 1, which response and exhibit AUO received at least as early as **January 28, 2011**, at the same time Apeldyn did.[1] (Ex. 7; Ex. 8 at 9 (with cited references highlighted in CMO's Ex. C).)

Thus, AUO's and Dr. Yeh's assertions that they did not learn of these five references until they received Dr. Smith's report are without merit. As to the Wu'1990, Saul'468, Miyagi'294, and Nonomura'796 references, Dr. Yeh plainly had the opportunity to consider them, and the fact that he chose not to address any of them in his opening expert report shows that he did not have any validity opinion based on those references. As to Ueda'889, AUO had more than ample opportunity to provide the reference to Dr. Yeh and request that he include in his opening report any opinion thereon, but AUO chose not to do so. While Dr. Yeh and AUO may have changed their minds after reviewing Dr. Smith's report, that in no way excuses AUO's failure to timely disclose Dr. Yeh's opinions as to these five references.

**The Additional Report Should Be Stricken**

AUO had an obligation to provide all of Dr. Yeh's opinions on validity in accordance with the federal rules and scheduling order in this case. *See* Fed. R. Civ. P. 26(a)(2). Dr. Yeh's additional expert report, however, was untimely and improperly addressed prior art that Dr. Yeh had already considered or should have considered but chose not to opine on and that has been known or should have been known to AUO for many months. *See* Fed. R. Civ. P. 26(a)(2), (e). AUO's nomenclature aside, the report in fact is not "supplemental" at all, but instead an improper additional report on these references.

AUO has no justification for failing to disclose Dr. Yeh's opinions regarding this prior art in his opening expert report. To the extent AUO asserts that neither it nor Dr. Yeh was aware of the five references until reviewing Dr. Smith's report, such an assertion only serves to highlight

---

[1] Apeldyn notes that AUO further should have been aware of the prior art references cited by all of other Defendants because they are part of the same joint defense group. Indeed, Apeldyn's understanding is that Defendants have been conferring with each other since the inception of this case about various issues and, as shown in Exhibits 7-8, have been serving each other with their discovery responses.



The Honorable Vincent J. Poppiti
April 22, 2011
Page 4

this point. Indeed, the fact that Dr. Smith addressed the very same references in his report underscores AUO's lack of diligence in preparing Dr. Yeh for his own opening report.

AUO should not be allowed to unilaterally decide when to disclose its expert's opinions in violation of the federal rules and governing scheduling order. Accordingly, Dr. Yeh's untimely additional report should be stricken, and AUO should be precluded from relying on any information therein. *See* Fed. R. Civ. P. 37(c)(1). Apeldyn further seeks its costs, including attorneys' fees, in bringing the instant motion. *See id.*

<div style="margin-left:50%">

Respectfully submitted,

/s/ *Richard D. Kirk*

Richard D. Kirk (rk0922)

</div>

cc:     All counsel