IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APELDYN CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 08-568 (SLR) |
| | ) | |
| AU OPTRONICS CORPORATION, | ) | **REDACTED PUBLIC** |
| AU OPTRONICS CORPORATION AMERICA, | ) | **VERSION FILED 7/8/11** |
| CHI MEI OPTOELECTRONICS | ) | |
| CORPORATION, CHI MEI | ) | |
| OPTOELECTRONICS USA INC., SAMSUNG | ) | |
| ELECTRONICS CO. LTD., SAMSUNG | ) | |
| ELECTRONICS AMERICA INC., SHARP | ) | |
| CORPORATION, SHARP ELECTRONICS | ) | |
| CORPORATION, SONY CORPORATION, AND | ) | |
| SONY ELECTRONICS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**CHI MEI OPTOELECTRONICS CORPORATION'S AND CHI MEI
OPTOELECTRONICS USA, INC.'S OPENING BRIEF IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
jtigan@mnat.com
*Attorneys for Defendants*
  *Chi Mei Optoelectronics Corporation and*
  *Chi Mei Optoelectronics USA, Inc.*

OF COUNSEL:

Morgan Chu
Jonathan S. Kagan
Thomas C. Werner
IRELL & MANELLA LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA  90067-4276
(310) 277-1010

July 1, 2011

# TABLE OF CONTENTS

**Page**

I.      NATURE AND STAGE OF PROCEEDINGS ................................................................1

II.     SUMMARY OF ARGUMENT .......................................................................................1

III.    STATEMENT OF FACTS ..............................................................................................2

IV.     ARGUMENT ...................................................................................................................5

      A.    SUMMARY JUDGMENT OF NON-INFRINGEMENT OF CMO'S
          ACCUSED PRODUCTS SHOULD BE GRANTED FOR ALL ASSERTED
          CLAIMS ................................................................................................................5

          1.    Applicable Law .......................................................................................5

          2.    The Accused CMO Products Do NOT Generate Drive Signals
              With Three Amplitudes ...........................................................................6

          3.    The Accused CMO Products Do Not Have Eigen-Axes ...........................9

V.      CONCLUSION ..............................................................................................................11

# TABLE OF AUTHORITIES

CASES

*3M Innovative Props. Co. v. Avery Dennison,*
  350 F.3d 1365 (Fed. Cir. 2003)........................................................................... 6-7

*Anderson v. Liberty Lobby, Inc.,*
  477 U.S. 242 (1986) ..............................................................................................5

*Celotex Corp. v. Catrett,*
  477 U.S. 317 (1986) ..............................................................................................5

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
  475 U.S. 574 (1986) ..............................................................................................5

*MKS Instruments, Inc. v. Advanced Energy Indus., Inc.,*
  325 F.Supp. 471 (D. Del. 2004) ............................................................................9

*Moleculon Reseach Corp. v. CBS, Inc.,*
  872 F.3d. 407 (Fed. Cir. 1989)......................................................................... 9-11

RULES AND STATUTES

Fed. R. Civ. P. 56(a)...................................................................................................5

## I.    NATURE AND STAGE OF PROCEEDINGS

Defendants Chi Mei Optoelectronics Corporation and Chi Mei Optoelectronics USA, Inc. (collectively, "CMO") respectfully submit this opening brief in support of its motion for summary judgment of non-infringement of plaintiff Apeldyn Corporation's ("Apeldyn") United States Patent No. 5,347,382 ("the '382 patent").  On September 8, 2008, Apeldyn sued CMO and others alleging infringement of the '382 patent.  D.I. 1.  Fact discovery has been completed and expert discovery is scheduled to conclude on July 13, 2011.   A Markman/Summary Judgment hearing is set for September 2, 2011.  Trial is scheduled to begin on December 5, 2011.

## II.    SUMMARY OF ARGUMENT

The asserted claims of the '382 patent all require a signal that is supplied to an optical retarder.  The signal changes the optical retardance of the retarder.  In an LCD product, changing the optical retardance changes the brightness of the display.  The claimed signal must have three different amplitudes.  It is undisputed that the retardance/brightness of the CMO accused products is changed by drive signals that are generated during each frame cycle.  It is also undisputed that each drive signal is a single pulse with only two amplitudes.  The accused products do not satisfy the three amplitude limitation mandated by the claims and therefore do not literally infringe the asserted claims.  The doctrine of equivalence is inapplicable because Apeldyn's expert has not provided any analysis regarding equivalence between a drive signal with two amplitudes and a signal with three amplitudes.

All of the asserted claims also require a retarder with "eigen-axes."  Apeldyn's evidence regarding the existence of eigen-axesis totally deficient.  The Court should grant summary judgment of non-infringement because there is no genuine issue of material fact that the accused products do not include the claimed eigen-axes.

## III.   STATEMENT OF FACTS

## IV.   ARGUMENT

### A.   SUMMARY JUDGMENT OF NON-INFRINGEMENT OF CMO'S ACCUSED PRODUCTS SHOULD BE GRANTED FOR ALL ASSERTED CLAIMS

#### 1.   Applicable Law

Summary judgment is appropriate if the evidentiary record established through discovery fails to create any genuine issue of material fact. *See* Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden and must identify "the portions of . . . [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The burden then shifts to the non-moving party to show evidence of record that creates a genuine issue of fact such that a reasonable fact-finder could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party cannot rely solely on conclusory, unsupported allegations. *Id.* (observing that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."). The substantive law at issue in the dispute determines what facts are material such that they can create a genuine issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the non-moving party is unable to adduce any evidence that creates a genuine issue of material fact, that

party should not be permitted to proceed to trial on the subject claims.  *Celotex*, 477 U.S. at 322 (holding that Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

Summary judgment of non-infringement is a two-step process that requires a determination of the scope of the patent claims and the lack of a genuine issue of material fact in concluding that the accused device does not contain all of the claim limitations either literally, or under the doctrine of equivalents.  *See 3M Innovative Props. Co. v. Avery Dennison*, 350 F.3d 1365, 1370 (Fed. Cir. 2003).

### 2. The Accused CMO Products Do NOT Generate Drive Signals With Three Amplitudes

All of the asserted claims require a drive signal that is supplied to an optical retarder, or to transparent electrodes of a retarder.  For example, claim 20 recites "(a) supplying a signal to said retarder to control its retardance."  CMO-4 ['382 Patent at 12-13].  The claims also require that the signal supplied to the retarder have three different amplitudes.  Claim 20 is exemplary and recites "(b) changing said retardance from a first retardance to a second retardance by causing said **first signal** to change, in a direction to move toward said second retardance, from **a first amplitude** which is required for said first retardance to **a second amplitude**, beyond **a third amplitude** which is required for said second retardance, for a period of time (c); and thereafter causing said signal to change to said third amplitude required for said second retardance."  CMO-4 ['382 Patent at 14:14-23].  In accordance with the language of the claims the signal that changes retardance must have three different amplitudes.

6

The claimed signal is shown in Figure 6C of the '382 patent, which is reproduced below. *See* CMO-4 ['382 patent at 6:27-61]. The voltage V7 corresponds to the first retardance. The second retardance has a corresponding voltage of V8. CMO-4 [*Id.* at 6:21-23]. The voltages V7 and V8, correspond to the claimed first and third amplitudes, respectively. To improve the response time of the retarder, an initial impulse voltage of V9 is applied to the liquid crystal cell. CMO-4 [*Id.* at 6:27-40]. The voltage V9 corresponds to the second amplitude recited in the claims. After a period of time the voltage is changed from V9 to V8.





The CMO accused products do not meet the three amplitude signal limitation and thus do not literally infringe claims 1-6, 10, 11, 20 and 22-29 of the '382 patent.

Apeldyn's expert has provided no opinion regarding equivalency between CMO's single pulse drive signals and the three amplitude signal recited in the claims.

A finding of non-infringement under the doctrine of equivalents is proper when the patentee has provided no evidence or analysis of infringement under equivalence in its expert report. *MKS Instruments, Inc. v. Advanced Energy Indu.s, Inc.*, 325 F.Supp. 471 (D. Del. 2004); *Moleculon Research Corp. v. CBS, Inc.*, 872 F.3d. 407 (Fed. Cir. 1989).

### 3.    The Accused CMO Products Do Not Have Eigen-Axes

The asserted claims also include the following language "controlling the retardance of light passing therethrough along a first eigen-axis thereof relative to a second

eigen-axis thereof in response to the application of a signal."[1]  *See* CMO-4 ['382 Patent at 14:8-10].  Apeldyn has construed the terms first and second eigen-axis to mean "the first and second eigen-axes are orthogonal to one another and define a Cartesian coordinate system with the property that incident light propagating through the liquid crystal cell that is linearly polarized along either the first or second eigen-axis will remain linearly polarized and will exit the liquid crystal cell along the same eigen-axis independent of the applied voltage."  CMO-5 [Parties' Joint Claim Construction Chart].  CMO's construction states in relevant part that "a fixed fast axis and a fixed slow axis of a birefringent material that does not twist light polarization while a signal is applied to the retarder."

---

[1]      Claim 1 recites a "first" signal.



Apeldyn's evidence regarding the existence of eigen-axes in the accused CMO products is totally defective.  Apeldyn has failed to prove that the accused CMO products include the claimed eigen-axes.  Summary judgment of non-infringement should be granted as a matter of law.

## V.  CONCLUSION

For the reasons stated above, CMO respectfully requests that the Court grant its motion for summary judgment of non-infringement of the asserted claims of the '382 patent.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
jtigan@mnat.com
*Attorneys for Defendants*
    *Chi Mei Optoelectronics Corporation and*
    *Chi Mei Optoelectronics USA, Inc.*

OF COUNSEL:

Morgan Chu
Jonathan S. Kagan
Thomas C. Werner
IRELL & MANELLA LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA  90067-4276
(310) 277-1010

July 1, 2011

4352804

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Richard D. Kirk, Esquire
> BAYARD, P.A.
>
> Frederick L. Cottrell, III, Esquire
> Anne Shea Gaza, Esquire
> RICHARDS, LAYTON & FINGER, P.A.
>
> Gerard M. O'Rourke, Esquire
> RATNER PRESTIA

I further certify that I caused to be served copies of the foregoing document on July 8, 2011, upon the following in the manner indicated:

Richard D. Kirk, Esquire                                      *VIA ELECTRONIC MAIL*
BAYARD, P.A.
222 Delaware Avenue
Suite 900
Wilmington, DE  19801
*Counsel for Plaintiffs*

Gaspare J. Bono, Esquire                                      *VIA ELECTRONIC MAIL*
Song K. Jung, Esquire
R. Tyler Goodwyn, IV, Esquire
Lora A. Brzezynski, Esquire
MCKENNA LONG & ALDRIDGE LLP
1900 K. Street, NW
Washington, DC  20006
*Counsel for Plaintiffs*

Gerard M. O'Rourke, Esquire                                   *VIA ELECTRONIC MAIL*
RATNER PRESTIA
1007 Orange Street
Suite 1100
Wilmington, DE  19801-1231
*Counsel for AU Optronics Corporation and*
*AU Optronics Corporation America*

Vincent K. Yip, Esquire                                        *VIA ELECTRONIC MAIL*
Peter J. Wied, Esquire
Terry D. Garnett, Esquire
Benjamin Davis, Esquire
Daniel Prince, Esquire
Jay Chiu, Esquire
PAUL HASTINGS JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071
*Counsel for AU Optronics Corporation and*
*AU Optronics Corporation America*

Lawrence J. Gotts, Esquire                                     *VIA ELECTRONIC MAIL*
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1100
Washington, DC  20004-1304
*Counsel for AU Optronics Corporation and*
*AU Optronics Corporation America*

Frederick L. Cottrell, III, Esquire                           *VIA ELECTRONIC MAIL*
Anne Shea Gaza, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
*Counsel for Sharp Corporation and Sharp*
*Electronics Corporation*

Josh A. Krevitt, Esquire                                       *VIA ELECTRONIC MAIL*
Benjamin Hershkowitz, Esquire
Richard M. Koehl, Esquire
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166
*Counsel for Sharp Corporation and Sharp*
*Electronics Corporation*

/s/ Jeremy A. Tigan
_____
Jeremy A. Tigan (#5239)