IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APELDYN CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AU OPTRONICS CORPORATION; AU OPTRONICS CORPORATION AMERICA; CHI MEI OPTOELECTRONICS CORPORATION; CHI MEI OPTOELECTRONICS USA, INC., | ) ) ) ) Civil Action No. 08-568-SLR |
| | ) |
| Defendants. | ) **DEMAND FOR TRIAL BY** |
| | ) **JURY** |

**AU OPTRONICS CORPORATION AND AU OPTRONICS CORPORATION
AMERICA'S BRIEF IN SUPPORT OF
MOTION FOR REARGUMENT**

## TABLE OF CONTENTS

Page

I.   Nature and state of proceedings ............................................................................... 1
II.  Summary of argument ................................................................................................ 1
III. Statement of facts and argument ............................................................................... 2
IV.  Conclusion .................................................................................................................. 3

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*,
   616 F.3d 1283 (Fed. Cir. 2010) ........................................................................................2

*Schering Corp. v. Amgen, Inc.*,
   25 F. Supp. 2d 293 (D. Del. 1998) .....................................................................................1

**OTHER AUTHORITIES**

Local Rule 7.1.5 ................................................................................................................1

U.S. Patent No. 5,347,382 ............................................................................................1, 2

**I.     NATURE AND STATE OF PROCEEDINGS**

Pursuant to Local Rule 7.1.5, Defendants AU Optronics Corporation and AU Optronics Corporation America (hereinafter, collectively "AUO") respectfully move for reargument to make a single change in the Court's Memorandum Order (D.I. 626) construing the claims of U.S. Patent No. 5,347,382. A motion for reargument may be granted "a) where the Court has patently misunderstood a party, b) [where the Court] has made a decision outside the adversarial issues presented to the Court by the parties, or c) [where the Court] has made an error not of reasoning but of apprehension." *Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998) (internal quotations omitted). AUO respectfully submits that the Court made an error of apprehension and a decision outside the adversarial issues presented to the Court by the parties in construing the §112, ¶ 6 function for the claim term "first control means for changing said retardance from a first retardance to a second retardance by causing said first signal to change" ("first control means limitation").

**II.    SUMMARY OF ARGUMENT**

AUO respectfully requests that the Court replace the words "higher than" with the word "beyond" in its claim construction of the first control means limitation.[1] AUO's requested correction is highlighted as follows:

> The waveshape control unit includes a circuit that determines when to change the applied voltage of the ac signal in order to cause a change in the cell retardance. According to the invention, the first control means switches the voltage of the applied signal from an amplitude required to maintain a first retardance, to a voltage ~~higher than~~beyond that corresponding to the amplitude required to maintain a second retardance,

---

[1] AUO believes that the Order as issued contains a typographical error, which it proposes to correct by stating "then switches" in the last clause of the function.

1

~~than~~<ins>then</ins> switches to the voltage corresponding to the amplitude required to maintain a second retardance.

### III. STATEMENT OF FACTS AND ARGUMENT

AUO respectfully submits that its proposed correction is appropriate in view of the '382 Patent's disclosure of both higher and lower amplitudes, depending upon the desired change in retardance. The Court's substitution of "higher than" for "beyond" could potentially exclude the use of lower amplitudes as contemplated by the '382 Patent. The express language of Claim 1 is not limited to higher voltages, but instead uses the term "beyond" to encompass both higher and lower voltages than required to maintain the second retardance. (*See* '382 Patent at 9:65-10:5.)

Figures 6C and 6D disclose going from amplitude V8 to 0, and then to amplitude V7 required to maintain the second retardance. In describing these figures, the specification describes the use of a lower voltage to reduce the relaxation time of the liquid crystal material. (*See* '382 Patent at 6:48-61.) By limiting the function of the means plus function term to only higher voltages, the current construction would exclude this embodiment. "A claim construction that excludes the preferred embodiment 'is rarely, if ever, correct and would require highly persuasive evidentiary support.'" *Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*, 616 F.3d 1283, 1290 (Fed. Cir. 2010) (*quoting Vitronics Corp. v. Conceptronic Inc.*, 90 F.3d 1576, 1583-84 (Fed. Cir. 1996)).

Accordingly, there is no basis for limiting the function of the first control means to the situation use of a second amplitude higher than the third amplitude, in view of the disclosure in the '382 Patent expressly providing for the use of a second amplitude lower than the third amplitude, and use of the term "beyond" to encompass both situations.

2

AUO respectfully requests that the Court modify its Memorandum Order on claim construction in this respect.

None of the parties urged the Court to limit the function to use of only higher voltages. (*See* D.I. 460 at 5-6 (Joint Claim Construction Statement).) By importing the requirement of a higher voltage into the function of this means-plus-function term, AUO respectfully submits that the Court has inadvertently committed legal error, warranting correction. *See Applied Med. Res. Corp. v. United States Surgical Corp.*, 448 F.3d 1324, 1334 (Fed. Cir. 2006) ("A court errs when it improperly imports unclaimed functions into a means-plus-function claim limitation. First, this can occur during claim construction by defining a claimed function to require more than is actually claimed.")

## IV. CONCLUSION

For the reasons set forth above, AUO respectfully requests that the Court modify its claim construction order as indicated.

Respectfully submitted,

Dated: November 28, 2011

RATNER PRESTIA

By: /s/ Gerard M. O'Rourke
Gerard M. O'Rourke (No. 3265)
Ratner Prestia
1007 Orange Street, Suite 1100
P.O. Box 1596
Wilmington, DE 19801
(302) 778-3466

3

OF COUNSEL:
Vincent K. Yip, Esq.
Peter J. Wied, Esq.
Paul Hastings Janofsky & Walker LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071
(213) 683-6015

*Attorneys for AU Optronics Corporation and
AU Optronics Corporation America*