

222 Delaware Avenue • Suite 900
P.O. Box 25130 • Wilmington, DE • 19899

302-429-4208
rkirk@bayardlaw.com

**REDACTED VERSION**
FILED ELECTRONICALLY
ORIGINAL BY HAND

November 17, 2011

Honorable Sue Robinson
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 198013570

**Re: *Apeldyn Corp. v. AU Optronics Corp., et al.*, Civil Action No. 08-568-SLR**

Dear Judge Robinson:

Plaintiff Apeldyn Corporation ("Apeldyn") appreciates the opportunity afforded by Your Honor to submit this letter motion to address certain errors in the Court's Memorandum Opinion ("Mem. Op.," D.I. 627) regarding Defendant Chi Mei Optoelectronics Corporation's ("CMO's") motion for summary judgment of non-infringement. The Court should reconsider its award of summary judgment of non-infringement and deny CMO's motion due to material factual issues.

The technology at issue is complex and does not lend itself to easy analysis, particularly in light of the experts' numerous disputes. These issues need to be fully presented at trial and should not be handled in a summary fashion. Apeldyn respectfully submits that there are at least three areas where errors should be reconsidered: (1) improper resolution of factual disputes on summary judgment; (2) understanding of the technology at issue; and (3) untimely claim construction issues. Any of these issues should preclude summary judgment of non-infringement.

Apeldyn has submitted at least the following evidence in the record that demonstrates that there is at least a material factual issue precluding summary judgment. This evidence shows that the drive signal in CMO's products changes in order to effectuate changes in amplitude and thereby retardance.

- Apeldyn's Opp., D.I. 530, at 14 (citing "Kmetz Report" (D.I. 531), ¶¶ 115-152, 174-177, 185, 192, 198, 326-336 and exhibits cited therein).

- Dr. Kmetz' Infringement Report as to CMO (D.I. 531), ¶¶ 115-152, 174-177, 185, 192, 198, 326-336 and exhibits cited therein.



www.bayardlaw.com Phone: (302) 655-5000 Fax: (302) 658-6395






- CMO's Opening Summary Judgment Brief, D.I. 509, at 2-3.
- Summary Judgment Hearing Transcript at 93:3-14, 94:3-11, 105:17-107:14, 109:22-110:6.
- CMO's Summary Judgment Reply Brief, D.I. 556 at 1-4.
- Apeldyn's summary judgment hearing slides, including at SJ-6 (discussed at Hr'g Tr. at 105:17-107:14).
- CMO's summary judgment hearing slide at SJ-4 (discussed at Hr'g Tr. at 92:14-93:20).

Due to the complicated nature of the technology, Apeldyn provides the following explanation of the foregoing list of evidence to assist the Court in understanding the evidence that was submitted.

## THE EVIDENCE DOES SHOW THAT THE SIGNAL FROM THE SOURCE DRIVER CHANGES TO EFFECTUATE CHANGES IN AMPLITUDE

Your Honor stated on page 16 of your Memorandum Opinion that "as Apeldyn does not cite any evidence in opposition to CMO's motion demonstrating that the drive signal in CMO's products "changes" such as to effectuate the changes in amplitude and, ultimately, retardance, CMO's motion for noninfringement is granted." As discussed at the hearing yesterday, this finding constitutes a serious error as Apeldyn cited extensive evidence in the record showing that the signals coming from the source driver change in voltage levels and these signals are transmitted to the liquid crystal cell, thereby changing the retardance of the cell. Indeed, there is no dispute concerning this fact as CMO's counsel himself at the summary judgment hearing explained that the signals from the source driver change in voltages and are directly transmitted in a parallel circuit to both the liquid crystal cell and the storage capacitor.

> So what happens is the <u>drive signal</u> [which CMO equates to a pulse] comes in, let's say it has an <u>amplitude of one</u>. The drive signal comes into the electrodes, supplies the electrodes, and then the liquid crystal cell <u>will charge up to one</u>.
>
> Now let's say in the next frame cycle,[1] the <u>drive signal</u> [which CMO equates to a pulse], it comes in as an <u>amplitude of two</u>. Then it goes to the liquid crystal cell, and then the liquid crystal cell <u>will charge up to two</u>, <u>and so forth and so on</u>."

(Hr'g Tr. at 94:3-11) (emphasis added).

Thus, CMO admits that each voltage corresponds to a single pulse, and that to change the voltage (*e.g.*, from "one" to "two") necessarily requires changing the magnitude of the pulse (from "one" to "two"). Each "single pulse" that CMO refers to corresponds to only one frame.

---

[1] A "frame" refers to a complete image on the screen, similar to the separate images (or frames) that comprised old-style movie films. Each "frame" lasts for a specific duration, such as 1/60th of a second. (*See* Hr'g Tr. at 98:3-8).