IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APELDYN CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 08-568-SLR |
| | ) |
| AU OPTRONICS CORPORATION, AU | ) |
| OPTRONICS CORPORATION | ) |
| AMERICA, CHI MEI | ) |
| OPTOELECTRONICS CORPORATION, | ) |
| AND CHI MEI OPTOELECTRONICS | ) |
| USA, INC., ET AL., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 3rd day of May, 2012, having reviewed the motion for fees

pursuant to 35 U.S.C. § 285 filed by Chi Mei Optoelectronics Corporation and Chi Mei

Optoelectronics USA, Inc. (collectively "CMO"), and the papers filed in connection

therewith;

IT IS ORDERED that said motion (D.I. 675) is denied without prejudice, as

follows:

1. **Background.** This is a patent infringement lawsuit. Apeldyn Corporation

("Apeldyn") filed a complaint on September 8, 2008 against AU Optronics Corporation

and AU Optronics Corporation America (collectively, "AUO"), CMO, Sony Corporation,

Samsung Electronics Co., Ltd., and Samsung Electronics America Inc. (D.I. 1)

Therein, Apeldyn alleged infringement of its U.S. Patent No. 5,347,382 ("the '382

patent"), which is directed to the response time of liquid crystal material in VA mode

Liquid Crystal Display modules ("LCDs"). (D.I. 1)

2. CMO moved for summary judgment of no inducement of infringement and for summary judgment of non-infringement on July 1, 2011. (D.I. 505; D.I. 508) On that date, AUO also filed a motion for summary judgment of invalidity and a motion for summary judgment of non-infringement. (D.I. 503; D.I. 504) On November 15, 2011, the court issued a memorandum order on claim construction. (D.I. 626) That same day, the court granted CMO's motions for summary judgment for non-infringement and for no inducement of infringement and denied AUO's motions for summary judgment of invalidity and non-infringement.[1] (D.I. 628) Apeldyn motioned for reargument of the court's memorandum order on claim construction on November 18, 2011. (D.I. 633) AUO motioned for reargument of the court's claim construction and the court's memorandum opinion on November 28, 2011. (D.I. 636; D.I. 637) On December 19, 2011, the court: (1) denied Apeldyn's motion for reargument of the memorandum opinion; (2) granted AUO's motion for reargument of the court's claim construction; and (3) granted AUO's motion for reargument of the memorandum opinion. (D.I. 654)

3. On January 18, 2012, CMO and AUO jointly motioned for entry of a judgment in a civil case. (D.I. 662) The court entered judgment in favor of CMO and AUO on January 19, 2012. (D.I. 665) Subsequently, Apeldyn appealed to the Federal Circuit. (D.I. 663; D.I. 664) CMO filed the pending motion for attorney fees on February 2, 2012. (D.I. 675) AMO filed a motion to join in CMO's motion on February 2, 2012. (D.I. 677)

---

[1]The court found that AUO did not induce infringement, and granted its motion on that limited ground.

2

4. **Standard.** Pursuant to 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." In order to determine whether a case is exceptional and, therefore, eligible for an award of attorney fees, the court undergoes a two-step process. *See Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1323-24 (Fed. Cir. 2011). The district court must first "determine whether the prevailing party has proved by clear and convincing evidence that the case is exceptional." *Id.* (citing *Forest Labs., Inc. v. Abbott Labs.*, 339 F.3d 1324, 1327 (Fed. Cir. 2003)). "Second, if the district court finds the case to be exceptional, the court must then determine whether an award of attorney fees is appropriate and, if fees are appropriate, the amount of the award." *Id.* (citing *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1460 (Fed. Cir. 1998)).

5. Under Federal Rule of Civil Procedure ("Fed. R. Civ. P") 54(d)(2)(B),[2] if an appeal on the merits of a case is pending, a court "may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54, Advisory Committee Note, 1993 Amendment, Paragraph (2), Subparagraph (B).

6. **Discussion.** The parties agree that CMO is the prevailing party. In an attempt to establish that this case is exceptional, CMO argues that: (1) Apeldyn did not test CMO's accused products before filing suit; (2) Apeldyn had documentary evidence that CMO's accused products did not meet the claims at least by December 31, 2010;

---

[2]"A claim for attorney's fees . . . must be made by a motion."

3

and (3) Apeldyn knew that it had no basis for maintaining this suit after this court granted summary judgment for CMO on November 15, 2011. (D.I. 676) Apeldyn urges the court to deny the motion in its entirety or defer or deny the motion pending the present appeal to the Federal Circuit. (D.I. 680 at 19)

7. As this case was resolved on claim construction and summary judgment, the court utilizes its discretion under Fed. R. Civ. P. 54(b) and denies CMO's motion pending appeal. If the Federal Circuit affirms, defendants may request a briefing schedule on a joint motion for fees.

8. **Conclusion.** For the reasons stated above, CMO's motion for attorney fees (D.I. 675) and AUO's motion for joinder in CMO's motion for fees (D.I. 677) are denied without prejudice to renew.

United States District Judge