IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APELDYN CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 08-568-SLR |
| ) | |
| AU OPTRONICS CORPORATION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

At Wilmington this 20th day of June, 2012, having reviewed the report and recommendation of Special Master Vincent J. Poppiti (D.I. 709), the objections filed thereto by plaintiff (D.I. 711) and defendants' responses to the objections (D.I. 712, 713);

IT IS ORDERED that the report and recommendation is adopted, the objections overruled, and plaintiff's motion to modify the protective order (D.I. 687) denied, as follows:

1. Plaintiff, in seeking a modification of the stipulated protective order in the above captioned case, bears the burden of demonstrating good cause for the modification. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 790 (3rd Cir. 1994) (the court having identified the factors of the "good cause balancing test"). "[C]ourts have discretionary authority to modify a stipulated protective order . . . ." *Phillips Petroleum Co. v. Rexene Products Co.*, 158 F.R.D. 43, 46 (D. Del. 1994).

2. Consistent with the findings of the Special Master, although plaintiff has come forward with a reason to modify the order (that is, allowing Messrs. Birdwell and Rumbaugh to fully assist litigation counsel in the pending appeal), the balance of interests weigh against modification.

    a. First and foremost, the parties agreed to protect certain confidential information without allowing access to such by any corporate representatives.[1] Plaintiff only now seeks such designation during the pendency of the appeal.

    b. Second, the court is not persuaded that Messrs. Birdwell and Rumbaugh have such specialized knowledge that their access to defendants' confidential information will add value to the appellate process when their participation was not considered essential during the pretrial phase of the case.

    c. With respect to the timing of plaintiff's request, the appellate record has been established and plaintiff's appellate counsel has been retained. Such counsel may confer with Messrs. Birdwell and Rumbaugh concerning those portions of the record that have been made public via oral argument and the court's written decisions.

    d. Finally, despite the fact that plaintiff is not a direct competitor of defendants and the patent at issue has expired, plaintiff remains engaged in litigation over the patent with direct competitors of defendants. As noted by the Special Master, plaintiff's "'unfinished business' with defendants' direct competitors sets an environment for the risk of inadvertent disclosure" which might result in competitive harm to

---

[1] The court generally allows one in-house corporate representative to have access to confidential information to, e.g., promote settlement efforts and assist litigation counsel.

defendants. (D.I. 709 at 14)

3. For the reasons stated above, and having reviewed the report and recommendation of Special Master Poppiti de novo, consistent with Fed. R. Civ. P. 53(f)(3) and (4), the court rejects the objections of plaintiff and adopts the recommendation of the Special Master to deny plaintiff's motion to modify the protective order.

*[signature]*
United States District Judge